# EXHIBIT 1



**EFiled: Jan 30 2025 03:18PM EST**
**Transaction ID 75547508**
**Case No. 2025-0028-PAF**

Aimee M. Czachorow
500 Delaware Avenue, Suite 7
Wilmington, Delaware 19801
Aimee.Czachorowski@lewisbrisbois.com
Direct: 302.985-6011

January 22, 2025

***Via Federal Express & Registered Mail (RRR)***

Paul Daniels
130 Erdenheim Road
Erdenheim, PA 19038

> Re:    Princeton CarbonWorks, Inc., v. Paul Daniels
> Delaware Court of Chancery
> C.A. No. 2025-0028-PAF

Dear Mr. Daniels:

Pursuant to the enclosed Court Order Permitting Service by Publication, we enclose the Verified Complaint for Declaratory Relief, as filed by Princeton CarbonWorks, Inc. in the Court of Chancery for the State of Delaware on January 9, 2025.

Please forward this to your attorney to avoid a default judgment and let us know if your attorney will "accept service."

Attached is a notice we will publish in local newspapers.

Should you or your attorney wish to discuss the matter further, please contact

Paul Daniels
January 22, 2025
Page 2


me at (302) 985-6011.

<div style="margin-left: 40%;">

Sincerely,

*/s/ Aimee M. Czachorowski*
Aimee M. Czachorowski (#4670)

</div>


AMC:sb

Enclosures (3) Court Order; Complaint; and Newspaper Notice

cc:    Francis G.X. Pileggi, Esquire (w/o enclosures)

 

**To**

Paul Daniels
Lewis Brisbois Bisgaard &
Smith LLP
130 ERDENHEIM RD
GLENSIDE, PA 19038-7848
United States
302-985-6011

**From**

Susan Brown (SJB1)
Lewis Brisbois Bisgaard &
Smith LLP
500 Delaware Ave
Suite 700
Wilmington, DE 19801
United States
*phone/extension*
302.295.9434
*office*
Wilmington

**Billing**

*type*
Client/Matter
*account*
Princeton Carbon Works Inc.
Princeton Carbon Wor...al Co
(053823.000003)
*note*
Princeton CarbonWorks
(Delaware action)

**Operator**

*name*
Susan Brown
*phone/ext*
x3029434
*e-mail*
Susan.Brown@lewisbrisbois.com

**Shipping**

*vendor*
FedEx
*ship date*
01/22/25
*tracking number*
284647019480
Obtain Proof of
Delivery
*service*
FedEx Priority
Overnight®
*packaging*
FedEx® Envelope

**Notification**

*notification type*
Delivery

*signature*
Service Default
*options*
None
*courtesy quote*
28.39 USD
*Quote may not reflect all
accessorial charges*

*notification recipients*
Aimee.Czachorowski@l...
*notification message*
P. Daniels -
Confirmation of
Delivery of Complaint

**Log**

Activity for package id: 0187938

| Date | Action | By | Comment |
|---|---|---|---|
| 01/23/25, 10:09AM | Delivered | FedEx | Signed by: Signature not required |
| 01/22/25, 6:37PM | En route | FedEx | Scheduled delivery date: 01/23/25 |
| 01/22/25, 2:55PM | Created | Susan.Brown@lewisbrisbois.com | 284647019480 |



# GRANTED WITH MODIFICATIONS

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

PRINCETON CARBONWORKS, ) <br>
INC., a Delaware Corporation, ) <br>
) <br>
Plaintiff, ) <br>
) <br>
v. )    C.A. No. 2025-0028 <br>
) <br>
PAUL DANIELS, ) <br>
) <br>
Defendant. ) <br>

## [PROPOSED] ORDER

The Court, having considered the Application for an Order Permitting Service by Publication, filed by Plaintiff Princeton CarbonWorks, Inc., ("PCW"), and having found good cause therefore,

IT IS HEREBY ORDERED this ____ day of January, 2025; that

1.    Plaintiff Princeton CarbonWorks, Inc., shall send by certified mail, return receipt requested, to defendant Paul Daniels, at his last known address, a copy of this Order and copy of the Verified Complaint for Declaratory Relief; and

2.    Plaintiff Princeton CarbonWorks, Inc. shall publish this Order at least once a week for three consecutive weeks in the following publication(s):

(a)    Philadelphia Inquirer, a newspaper circulated in southeastern Pennsylvania; and

150963095.1

(b)     Chestnut Hill Local, a newspaper circulated in Montgomery

County, Pennsylvania.

_____
Vice Chancellor

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Paul A Fioravanti |
| **File & Serve Transaction ID:** | 75413359 |
| **Current Date:** | Jan 22, 2025 |
| **Case Number:** | 2025-0028-PAF |
| **Case Name:** | Princeton Carbonworks, Inc. v. Paul Daniels |
| **Court Authorizer:** | Paul A Fioravanti Jr |

**Court Authorizer Comments:**

Nothing herein shall preclude defendant from challenging jurisdiction or service of process.

**/s/ Judge Paul A Fioravanti Jr**

## <u>LEGAL NOTICE - SERVICE BY PUBLICATION</u>

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
(New Castle County)
C.A. 2025-0028-PAF
PRINCETON CARBONWORKS, INC., PLAINTIFF
v.
PAUL DANIELS, DEFENDANT

TO: PAUL DANIELS: Take notice that the Plaintiff, Princeton CarbonWorks, Inc., represented by Lewis Brisbois Bisgaard & Smith, LLP in Wilmington, Delaware (Francis G.X. Pileggi, Esquire and Aimee M. Czachorowski, Esquire), has filed a Verified Complaint for Declaratory Relief, as captioned above, against you. Plaintiff has received Court authorization to serve Defendant Paul Daniels via publication pursuant to 10 *Del. C.* § 365 and 8 *Del. C.* § 111, and Court of Chancery Rule 4(da), by publishing notice in the Philadelphia Inquirer and the Chestnut Hill Local for three consecutive weeks.

NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend the claims set forth against you, you must enter a written appearance personally, or by attorney and file your defense or objections with the court. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you without further notice for the relief requested by the plaintiff. You may lose money or property or other rights important to you. Defendant may contest the Verified Complaint for Declaratory Relief by filing an answer with the Court of Chancery of the State of Delaware in New Castle County within 20 days of this notice and provide a copy of your response to Lewis Brisbois Bisgaard & Smith, LLP, Francis G.X. Pileggi, Esq., Aimee M. Czachorowski, Esq., 500 Delaware Ave., Ste. 700, Wilmington, DE 19801 (302) 985-6011.

EFiled: Jan 09 2025 04:01PM
Transaction ID 75405199
Case No. 2025-0028-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PRINCETON CARBONWORKS, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| PAUL DANIELS, | ) ) ) | |
| Defendant. | ) ) | |

## <u>VERIFIED COMPLAINT FOR DECLARATORY RELIEF</u>

Plaintiff, Princeton CarbonWorks, Inc., a Delaware corporation, brings this action seeking declaratory relief against Defendant, Paul Daniels, based on the following allegations and statements of law.

### <u>Introduction</u>

1.      Plaintiff is the surviving Delaware corporation in a merger. It seeks a final judicial determination of the rights claimed by a stockholder of the constituent corporation in the merger, that was merged out of existence, and to adjudicate the claims by that stockholder for stock in the Delaware corporation, as well as confirming the percentage of ownership previously held by that stockholder and the value of that stockholder's alleged ownership interest in the constituent corporation that did not survive the merger.

150886600.1

1

## Jurisdiction

2.     This court has jurisdiction based on Sections 111; 169; and 259(a) of the Delaware General Corporation Law which give this court the power to determine issues regarding ownership of stock in a Delaware corporation, and allows the surviving corporation in a merger to enforce the rights of the constituent corporation, as well as granting this court *in rem* jurisdiction over the stock at issue notwithstanding the residence of the person claiming ownership of that stock.

## Parties and Related Entities and Persons

3.     Princeton CarbonWorks, Inc., is a Delaware corporation ("Princeton-Delaware").

4.     Paul Daniels claims to be a stockholder in Princeton-Delaware, which is the surviving corporation in a merger with Princeton Carbon Works Inc., a Florida corporation ("Princeton-Florida").

5.     Non-parties Harrison Macris, Martin Crotty, Bradley Werntz, and Richard Furchtgott, in the aggregate owned, at the time of the merger between Princeton-Delaware and Princeton-Florida, a majority of the shares in Princeton-Delaware.

## Factual Background

6.     Princeton-Florida was formed in March 2015 to create and sell high-performance bicycle wheels.

150886600.1

2

7.      The co-founders were Crotty, Werntz, and Macris.

8.      On or about June 27, 2018, Daniels, Macris, Werntz, Crotty and Princeton-Florida entered into a Memorandum of Agreement ("MOA") in which the parties agreed to surrender or transfer shares. On or about the same date, the Princeton-Florida board agreed to issue Daniels 185 shares in consideration for his past services. The terms of the MOA stated that Daniels' 185 shares represented an 18.5% equity interest in Princeton-Florida.

9.      In the MOA, Daniels represented that the issuance to him of 185 shares in Princeton-Florida completed and satisfied any prior or contemporaneous oral discussions or agreements regarding his equity interest in Princeton-Florida.

10.     There are no agreements entitling Daniels to any preemptive rights and/or anti-dilution protections.

11.     In April 2019, Daniels voluntarily resigned from Princeton-Florida as an employee. Until that time, Daniels was the only individual who received a salary.

12.     In October 2019, the Princeton-Florida board of directors authorized and approved the Princeton CarbonWorks Inc. Restricted Management Stock Bonus Plan (the "Plan") and in December 2019, the board awarded bonus shares under the Plan to Werntz, Furchtgott, Macris, and Crotty in exchange for consideration.

13.     Princeton-Delaware was formed on June 11, 2024. On June 20 2024, Princeton-Delaware issued shares of Princeton-Delaware common stock to Macris,

150886600.1

3

Crotty, Werntz, and Furchtgott in exchange for all of their shares of Princeton-Florida stock, resulting in Princeton-Delaware owning 93.15% of the shares in Princeton-Florida.

14.    On June 21, 2024, Princeton-Florida merged with and into Princeton-Delaware, with Princeton-Delaware continuing as the surviving corporation (the "Merger"), in accordance with Section 252 of the Delaware General Corporation Law (DGCL) and Section 607.1101 of the Florida Business Corporation Act (FBCA), pursuant to an Agreement and Plan of Merger.

15.    In accordance with Sections 251 and 252 of the DGCL, on June 21, 2024, Princeton-Delaware filed: (a) a Certificate of Ownership and Merger with the Delaware Secretary of State to effectuate the Merger and to change Princeton-Delaware's name to "Princeton CarbonWorks, Inc.", and (b) Articles of Merger with the Florida Secretary of State to complete the Merger.

16.    Pursuant to Section 2.4 of the Merger Agreement, shares held by Princeton-Florida shareholders owning less than 10% of Princeton-Florida's issued and outstanding shares immediately prior to the effective time of the Merger would be cancelled and exchanged for a payment of fair value, as defined in FBCA Section 607.1301(5), of $935.14 per share.

17.    Based on the dilution of his original interest, Daniels—immediately prior to the time of the Merger—owned 6.85% of the shares of Princeton-Florida.

150886600.1

4

18.    On June 21, 2024: (a) a Notice to Certain Shareholders pursuant to FBCA Section 607.0704 was emailed and mailed to Daniels informing him that the Merger Agreement had been adopted by the written consent of Princeton-Florida shareholders having at least the minimum number of votes necessary to authorize such action in accordance with the FBCA, and (b) an Appraisal Notice was emailed and mailed to Daniels informing him of his rights to assert appraisal rights under FBCA Section 607.1301 through 607.1340, for 185 shares with an estimated fair value of $173,000.

19.    On August 1, 2024, Daniels rejected the fair value offer of $173,000 for his 185 shares. On August 16, 2024, Daniels was provided a formal valuation report prepared by Marcum which provided the basis for the value of the shares.

20.    On August 21, 2024, Daniels sent a letter stating, in part, that: "this is Mr. Daniels' Formal Notice of his Withdrawal from the Appraisal Process." Daniels can no longer participate in the statutory appraisal process.

## Justiciable Controversy and Dispute

21.    Daniels has made allegations and threatened litigation regarding the following issues: (1) that the Merger that eliminated his interest in Princeton-Delaware was not an effective squeeze-out of his interest; (2) that he disputes the percentage of ownership he had in Princeton-Florida; and (3) that he disputes the value of his ownership interest in Princeton-Florida.

150886600.1

## COUNT I
### Declaratory Judgment Seeking a Declaration that
### Defendant is Not a Shareholder in the Surviving Entity, Princeton-Delaware

22.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

23.     Plaintiff seeks a declaration that Defendant's ownership in Princeton-Florida was extinguished via the Merger, and that he therefore owns no stock or other interest in Princeton-Delaware. This is correct.

24.     Declaratory judgment is proper in this matter, pursuant to 10 *Del. C.* § 6501, *et seq.*, as there is a real controversy involving the rights of the parties, an interest is adversely affected, and the issue is ripe for resolution.

25.     Pursuant to Section 259(a) of the DGCL, "when constituent corporations combine in a merger, all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation." *Hyde Park Venture Partners Fund III, L.P. v. FairXchange, LLC*, 292 A.3d 178, 197 (Del. Ch. 2023) (internal quotation omitted).

26.     In this case, Princeton-Delaware, as the surviving entity of the Merger, possesses the right to seek a determination of Defendant's ownership interest at the time of the Merger.

27.    Defendant has articulated his position that he believes he currently holds shares in Princeton-Delaware and intends to pursue his purported claims.

28.    This court should determine that the Merger extinguished the stock owned by Defendant in Princeton-Florida and that Defendant does not own stock or any other equity interest in Princeton-Delaware.

## COUNT II
### Declaratory Judgment to Determine the Percentage of Defendant's Ownership in Princeton-Florida

29.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

30.    Plaintiff seeks a declaration that: before the Merger, Defendant was the owner of 6.85% of the outstanding stock of Princton-Florida. This is correct.

31.    Declaratory judgment is proper in this matter, pursuant to 10 *Del. C.* § 6501, *et seq.,* as there is a real controversy between the parties, an interest is adversely affected, and the issue is ripe for resolution.

32.    Pursuant to Section 259(a) of the DGCL, "when constituent corporations combine in a merger, all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation." *Hyde Park Venture Partners Fund III, L.P. v. FairXchange, LLC*, 292 A.3d 178, 197 (Del. Ch. 2023) (internal quotation omitted).

150886600.1

7

33.    Declaratory judgment is proper in this matter, pursuant to 10 *Del. C.* § 6501, *et seq.,* as Princton-Delaware is asserting its claim against Defendant, who has an interest in contesting the claim.

34.    Defendant has articulated his position that he disputes his ownership percentage prior to—and after—the Merger, and intends to pursue his purported claims.

35.    This court should make a determination that Defendant's percentage interest in Princeton-Florida prior to the Merger was 6.85%.

<div align="center">

### <u>COUNT III</u>
**Declaration Concerning the Value of Defendant's**
**Interest in Princeton-Florida**

</div>

36.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

37.    Plaintiff seeks a declaration concerning the value of Defendant's interest in Princeton-Florida. Plaintiff's valuation is correct.

38.    Declaratory judgment is proper in this matter, pursuant to 10 *Del. C.* § 6501, *et seq.,* as there is a real controversy between the parties, an interest is adversely affected, and the issue is ripe for resolution.

39.    Pursuant to Section 259(a) of the DGCL, when "when constituent corporations combine in a merger, all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the

150886600.1

property of the surviving or resulting corporation." *Hyde Park Venture Partners Fund III, L.P. v. FairXchange, LLC*, 292 A.3d 178, 197 (Del. Ch. 2023) (internal quotation omitted).

40.    In this case, Princeton-Delaware, as the surviving entity of the Merger, possesses the right to seek a determination of the value of Defendant's ownership interest at the time of the Merger.

41.    Declaratory judgment is proper in this matter, pursuant to 10 *Del. C.* § 6501, *et seq.,* as Princton-Delaware is asserting its claim against Defendant, who has an interest in contesting the claim.

42.    Declaratory judgment is proper in this matter, pursuant to 10 *Del. C.* § 6501, *et seq.,* as the controversy exists between parties whose interests are real and adverse. Defendant has articulated his position that he disputes the value of his interest in Princeton-Florida, and intends to pursue his purported claims.

43.    This court should make a determination that the value of Defendant's interest in Princeton-Florida at the time of the Merger was $173,000.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

(a)    A declaratory judgment that Defendant does not own any interest in Princeton-Delaware;

(b)    A declaratory judgment that Defendant's percentage ownership interest in Princeton-Florida at the time of the Merger was 6.85%; and

(c)    A declaratory judgment that the value of Defendant's interest in Princeton-Florida at the time of the Merger was $173,000;

(d)    An award or attorneys' fees and costs; and

(e)    Any and all other and further relief as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Francis G.X. Pileggi*
Francis G.X. Pileggi (No. 2624)
Aimee M. Czachorowski (No. 4670)
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
(302) 985-6000
Francis.Pileggi@LewisBrisbois.com
Aimee.Czachorowski@LewisBrisbois.com

*Attorneys for Plaintiff*

Date:  January 9, 2025

EFiled: Jan 09 2025 04:01PM EST
Transaction ID 75405199
Case No. 2025-0028-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PRINCETON CARBON WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. _____ |
| | ) |
| PAUL DANIELS, | ) |
| | ) |
| Defendant. | ) |

## VERIFICATION OF HARRISON MACRIS
## PURSUANT TO COURT OF CHANCERY RULE 3(aa)

I, Harrison Macris, being duly sworn, do hereby state as follows:

1.     I am an authorized representative of the plaintiff in the above captioned action.

2.     I have reviewed and authorized the filing of the Verified Complaint for Declaratory Relief (the "Complaint").

3.     To the extent the allegations in the Complaint concern my personal actions, or matters of which I have direct personal knowledge, I know those allegations to be true and correct to the best of my knowledge, information and believe at this time.

4.     To the extent the allegations in the Complaint concern the actions of parties other than myself, or matters of which I do not have direct personal

knowledge, I believe those allegations to be true and correct to the best of my

knowledge, information and believe at this time.

    5.    I make this verification under penalty of perjury of the laws of the

United States of America, and of the State of Delaware, that the foregoing is true

and correct.

Executed this _9th_ day of January, 2025.

                                          Harrison Macris

Sworn and described before me
this _9th_ day of _January_ , 2025.

_Robert F._
Notary Public

My Commission expires: 11/30/2026



EFiled: Jan 10 2025 09:33AM EST
Transaction ID 75408564
Case No. 2025-0028-

SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(a)
OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes. Nothing in this document shall be deemed binding for purposes of the merits of the case.

1. Case caption: PRINCETON CARBONWORKS, INC., a Delaware Corporation, Plaintiff,
    v. PAUL DANIELS, Defendant.

2. Date filed:  January 9, 2025

3. Name and address of counsel for plaintiff(s):  Francis G.X. Pileggi, Esquire (Bar ID No.: 2624), Aimee M. Czachorowski, Esquire (Bar ID No.: 4670), Lewis Brisbois Bisgaard & Smith LLP, 500 Delaware Avenue, Suite 700, Wilmington, DE 19801

4. Short statement and nature of claim(s) asserted: Declaratory Judgment sought to determine rights of stockholder of company merged into Delaware entity.

5. Substantive field of law involved (check one):
| | | |
|---|---|---|
| ____Administrative law | ____Labor law | ____Trusts, Wills and Estates |
| ____Commercial law | ____Real Property | ____Consent trust petitions |
| ____Constitutional law | ____348 Deed Restriction | ____Partition |
| _X_ Corporation law | ____Zoning | ____Rapid Arbitration (Rules 96,97) |
| ____Trade secrets/trade mark/or other intellectual property | | ____Other |

6. Identify any related cases, including any Register of Wills matter.  This question is intended to promote jurisdiction efficiency by assigning cases involving similar parties or issues to a single judicial officer.  By signing this form, an attorney represents that the attorney has done reasonable diligence sufficient to respond to this question.  N/A

7. State all bases for the court's exercise of subject matter jurisdiction by citing to the relevant statute.  Specify if 8 *Del. C.* § 111, 6 *Del. C.* § 17-111, or 6 *Del. C.* § 18-111.  State if the case seeks monetary relief, even if secondarily or in the alternative, under a merger agreement, asset purchase agreement, or equity purchase agreement. 8 *Del.C.* § 111; 8 *Del.C.* § 169; 8 *Del.C.* § 259(a) and equitable remedies sought.

8. If the complaint initiates a summary proceeding under Sections 8 *Del. C.* §§ 145(k), 205, 211(c), 220, or comparable statutes, check here ____.  (If #8 is checked, you must either (i) file a motion to expedite with a proposed form of order identifying the schedule requested or (ii) submit a letter stating that you do not seek an expedited schedule and the reason(s)—e.g., you have filed to preserve standing and do not seek immediate relief.)

9. If the complaint is accompanied by a request for a temporary restraining order, a preliminary injunction, a status quo order, or expedited proceedings other than in a summary proceeding, check here ___.  (If #9 is checked, a motion to expedite must accompany the transaction with a proposed form of order identifying the schedule requested.)  N/A

10. If counsel believe that the case should not be assigned to a Magistrate in the first instance, check here and attach a statement of good cause. ____

*/s/ Francis G.X. Pileggi*  (Bar No. 2624)
Signature of Attorney of Record & Bar ID

150880569.1