# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON CARBONWORKS, INC.<br><br>Plaintiff,<br><br>v.<br><br>PAUL DANIELS,<br><br>Defendant. | C.A. No. 25-131-RGA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT PAUL DANIELS' OPENING BRIEF IN SUPPORT OF HIS MOTION TO DISMISS AND/OR TRANSFER

*Of Counsel*:

WEISSMAN & DERVISHI, P.A.
Brian S. Dervishi
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070
bdervishi@wdpalaw.com

**SMITH KATZENSTEIN & JENKINS LLP**

David A. Jenkins (No. 932)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
daj@skjlaw.com
dat@skjlaw.com

*Attorneys for Defendant Paul Daniels*

Dated: February 21, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... III

I.   NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

II.  SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF FACTS ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

    A.   The Complaint should be dismissed for lack of personal jurisdiction .................... 4

        1.   General Jurisdiction ..................................................................................... 4

        2.   Specific Jurisdiction..................................................................................... 4

        3.   This Court does not have personal jurisdiction over Mr. Daniels............... 7

    B.   Alternatively, this matter should be transferred to the United States District Court for the Southern District of Florida ........................................................................ 7

        1.   This matter could have been brought in Florida ......................................... 7

        2.   The *Jumara* factors favor transfer................................................................ 8

V.  CONCLUSION................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*,
   68 F.3d 409 (11th Cir. 1995) ................................................................................................ 8

*Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*,
   295 F. Supp. 2d 400 (D. Del. 2002) ...................................................................................... 5

*Drugstore-Direct, Inc. v. Cartier Div. of Richemont N.A., Inc.*,
   350 F.Supp.2d 620 (E.D. Pa. 2004) .................................................................................... 11

*Intellectual Ventures I LLC v. Altera Corp.*,
   842 F.Supp.2d 744 (D. Del. 2012) ........................................................................................ 8

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
   797 F. Supp. 2d 472 (D. Del. 2011) .................................................................................... 12

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................................ 7, 10

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ................................................................................................. 5

*Motorola, Inc. v. PC-Tel, Inc.*,
   58 F. Supp. 2d 349 (D. Del. 1999) ...................................................................................... 13

*Pennzoil Products Co. v. Colelli & Associates, Inc.*,
   149 F.3d 197 (3d Cir. 1998) ................................................................................................. 4

*Shaffer v. Heitner*,
   433 U.S. 186 (1977) ............................................................................................................. 7

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ........................................................................................................... 10

**Statutes**

10 *Del. C.* § 3104(c) .................................................................................................................... 6

28 U.S.C. § 1332 .......................................................................................................................... 8

28 U.S.C. § 1391(b) ..................................................................................................................... 8

28 U.S.C. § 1404(a) ..................................................................................................................... 9

28 U.S.C. § 2201 .......................................................................................................................... 7

**Rules**

Federal Rule of Civil Procedure 12(b)(2) .................................................................................... 4

## I. NATURE AND STAGE OF THE PROCEEDINGS

This action was filed in the Court of Chancery of the State of Delaware on January 9, 2025. (D.I. 1-1, Ex. 1 at PageID #:12–24). The following day, before serving process on Defendant Paul Daniels ("Defendant" or "Mr. Daniels"), counsel for Plaintiff Princeton CarbonWorks Inc. ("Plaintiff" or "PCW-DE") moved the Court of Chancery for an order permitting service by publication "pursuant to 10 *Del. C.* §365 and 8 *Del. C.* § 111, and Court of Chancery Rule 4(da)." Case No. 2025-0028-PAF, D.I. 3 (Motion) at 1, (Jan. 10, 2025 Del. Ch.). On January 22, 2025, Vice Chancellor Fioravanti granted the motion with modifications, stating "[n]othing herein shall preclude defendant from challenging jurisdiction or service of process." (D.I. 1-1, Ex. 1 at PageID #: 10). Before the 3-week period for service by publication passed, on January 31, 2025, Mr. Daniels removed the Court of Chancery action to this court. (D.I. 1). Mr. Daniels now moves to dismiss the Complaint for lack of personal jurisdiction over him in Delaware, or, alternatively, to transfer the action to the United States District Court for the Southern District of Florida.

## II. SUMMARY OF ARGUMENT

1. The Court should dismiss this action for lack of personal jurisdiction over Mr. Daniels, who is a Pennsylvania resident. The Complaint does not allege that Mr. Daniels has acted in any way to place him within reach of the Delaware long-arm statute. Rather, the Complaint alleges that Delaware courts have *in rem* jurisdiction over the stock of PCW-DE (a Delaware entity that is the plaintiff in this action) and that by allegedly claiming ownership of PCW-DE stock, Mr. Daniels is subject to the jurisdiction of a Delaware court. This allegation of personal jurisdiction is inconsistent with Mr. Daniels' due process rights, and the Complaint should be dismissed.

2. Alternatively, under the Third Circuit's *Jumara* factors, the Court should transfer this action to the United States District Court for the Southern District of Florida where parallel litigation among Mr. Daniels, Plaintiff, and other related parties is currently pending.

III.   **STATEMENT OF FACTS**

1.   Mr. Daniels is a former elite rower and long-time cycling enthusiast. (**Exhibit A**[1] at ¶¶ 14, 16). In 2003, he moved to Princeton, NJ. (*Id.* at ¶ 14). While in Princeton, Mr. Daniels worked in a prominent local bicycle shop and developed friendships with other rowers who were also cycling enthusiasts. (*Id.* at ¶¶ 15-16). At this time, he made contact with Martin Crotty (*id.* at ¶ 15) who would ultimately co-found a company named Princeton CarbonWorks that sells high performance bicycle wheels, (D.I. 1-1. Ex.1 at ¶ 6). Princeton CarbonWorks (PCW-FL) was incorporated in Florida in March 2015. (*Id.*).

2.   From 2014 to 2019, Mr. Daniels was involved with PCW-FL in a number of capacities, including as an unpaid consultant, provider of bridge financing, director of business development, and chief operating officer. (Ex. A at ¶¶ 19-36). In return for his effort, Mr. Daniels was initially offered a 10% stake in PCW-FL in 2017 (*id.* at ¶ 30), but after his first year of working with the company, in 2018, the PCW-FL board granted Mr. Daniels an 18.5% stake in the company, (*id.* at ¶¶ 35-36; D.I. 1-1, Ex. 1 at ¶ 8). In March or April 2019, Mr. Daniels resigned from his role as the sole employee of PCW-FL. (Ex. A at ¶ 37; D.I. 1-1, Ex. 1 at ¶ 11).

3.   A separate company, Princeton CarbonWorks, Inc. ("PCW-DE") was incorporated in Delaware on June 11, 2024. (D.I. 1-1, Ex. 1 at ¶ 13). On June 20, after an exchange of stock between the two companies, PCW-DE owned 93.15% of the shares in PCW-FL. (*Id.*). The following day, PCW-FL merged into PCW-DE, with PCW-DE being the surviving entity. (*Id.* at ¶ 14). As part of the merger, Mr. Daniels was offered $173,000 for his 185 shares in PCW-FL (*Id.*

---

[1] Exhibit A and Exhibit B refer to exhibits to the Declaration of Brian S. Dervishi attached hereto.

at ¶ 18). Mr. Daniels rejected this offer and on August 21, 2024, he withdrew from the PCW-FL appraisal process. (*Id.* at ¶¶ 19-20).

4.  After attempts to resolve this dispute between counsel in Florida (**Exhibit B** at B-1), on January 7, 2025, Mr. Daniels sent a final letter to PCW-FL and the original founders of that company, attaching a proposed complaint and jury demand in the United States District Court for the Southern District of Florida, stating that these documents would be filed if information regarding PCW-FL's financials and shareholder records were not produced. (**Exhibit B** at B-2).

5.  Two days later, on January 9, 2025, without prior informing Mr. Daniels of their intention to do so, Plaintiff filed this matter in the Court of Chancery, seeking a declaration that Mr. Daniels has no ownership interest in PCW-DE. (*See generally* D.I. 1-1, Ex. 1, Ex. 1).

6.  On the same day, Mr. Daniels filed a nine-count complaint and jury demand in the United States District Court for the Southern District of Florida against PCW-FL, PCW-DE, Mr. Martin Crotty (the founder of PCW-FL), and two other founding members of the PCW-FL board, attached as **Exhibit A**. *See also Daniels v. Crotty et al.*, Case No. 1:25-cv-20137-DPG (S.D. Fl.) (the "Florida litigation").

7.  Mr. Daniels removed this action from the Court of Chancery to this Court on January 31, 2025. (D.I. 1).

**IV.  ARGUMENT**

This dispute is about three non-Delaware founders attempting to squeeze-out a non-Delaware minority partner from his ownership in a Florida corporation. For two reasons, it should either be dismissed or transferred to the United States District Court for the Southern District of Florida. *First*, the court does not have subject matter jurisdiction over Mr. Daniels, because he is not a resident of Delaware, nor has he availed himself of the jurisdiction of Delaware in accordance with due process. For that reason, the case should be dismissed. *Second*, whether the proposed

3

merger is effective is an issue of Florida law (because the merged-out corporation is a Florida entity), and the contractual and equitable claims brought by Mr. Daniels are controlled by Florida law. PCW-DE's attempt to usurp jurisdiction from Florida's courts by anticipatorily filing this action should not be entertained. Had Mr. Daniels not shared the Florida Complaint in a good faith attempt to avoid litigation, this action would not have been filed.

### A. The Complaint should be dismissed for lack of personal jurisdiction

The Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2). Mr. Daniels does not reside in Delaware, and there is no other basis for a Delaware court to exercise personal jurisdiction over Mr. Daniels in relation to this matter.

#### 1. General Jurisdiction

Mr. Daniels is a resident of Pennsylvania, not Delaware. The Complaint does not allege that he maintains systematic and continuous contacts with the forum state, so no Delaware court has general personal jurisdiction over him. *Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 200–01 (3d Cir. 1998) ("[N]o party in this case contends that there is a basis for general jurisdiction in Pennsylvania—so we are free to consider solely whether the alternative form of personal jurisdiction is present: specific personal jurisdiction.").

#### 2. Specific Jurisdiction

The Complaint does not sufficiently allege specific personal jurisdiction, either. "Determining whether specific jurisdiction exists involves a three-part inquiry. First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citations, internal quotation marks, and brackets omitted). This court has combined the first two of these factors into a statutory

requirement under Delaware's long-arm statute. "[I]n order for personal jurisdiction to exist over a defendant, two requirements, one statutory and one constitutional, must be satisfied." *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 402 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* at 402-04 (citing Fed. R. Civ. P. 4(e)). "Thus, the Court must determine whether there is a statutory basis for finding jurisdiction under the Delaware long-arm statute." *Id.* at 403 (citing 10 *Del. C.* § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [an individual's] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

### a) There is no statutory basis for jurisdiction

The Complaint does not allege facts sufficient to establish personal jurisdiction over Mr. Daniels under Delaware's long-arm statute. The statute states:

> (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

5

>   (5) Has an interest in, uses or possesses real property in the State; or
>
>   (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 *Del. C.* § 3104(c).  The Complaint only alleges that Mr. Daniels "claims to be a stockholder in Princeton-Delaware[,]" (D.I. 1-1, Ex. 1 at ¶ 4); and that "[Mr.] Daniels has made allegations and threatened litigation regarding the following issues: (1) that the Merger that eliminated his interest in Princeton-Delaware was not an effective squeeze-out of his interest; (2) that he disputes the percentage of ownership he had in Princeton-Florida; and (3) that he disputes the value of his ownership interest in Princeton-Florida[,]" (*id.* at ¶ 21).  None of these alleged statements are sufficient to establish jurisdiction under Delaware's long-arm statute.

> b) **The allegations of an interest in stock in a Delaware corporation do not comport with due process**

Plaintiff alleges "jurisdiction based on Sections 111; 169; and 259(a) of the Delaware General Corporation Law" and "*in rem* jurisdiction over the stock [of PCW-DE] at issue notwithstanding the residence of the person claiming ownership of that stock." (D.I. 1-1, Ex. 1 at ¶ 2).  This is insufficient to satisfy due process requirements, which consider "the relationship among the defendant, the forum, and the litigation[.]" *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).  Specifically, ownership of stock in a Delaware corporation is an insufficient basis to satisfy due process and confer specific jurisdiction. *Id.* at 216-17.  Here, based solely on allegations that Mr. Daniels has asserted that he may own stock resulting from the merger of PCW-FL into PCW-DE, among other equitable claims under Florida law, Plaintiff has not alleged facts sufficient to satisfy due process.

### 3.  This Court does not have personal jurisdiction over Mr. Daniels

Plaintiff has failed to allege jurisdiction under Delaware's long-arm statute and under due process.  For these reasons, this court does not have personal jurisdiction over Mr. Daniels and the Complaint should be dismissed under Rule 12(b)(2).

### B.  Alternatively, this matter should be transferred to the United States District Court for the Southern District of Florida

Should the Court find that it has personal jurisdiction over Mr. Daniels, this matter should be transferred to the Southern District of Florida, where the parallel litigation against Plaintiff, PCW-FL, Mr. Crotty and the other 2 defendants is pending.

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "[C]ourts [have] broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citation omitted).

### 1.  This matter could have been brought in Florida

"In determining whether transfer is appropriate, the Court must first determine whether this action could have been brought in the proposed transferee venue[.]" *Intellectual Ventures I LLC v. Altera Corp.*, 842 F.Supp.2d 744, 750 (D. Del. 2012).  PCW-DE could have brought this action in the Southern District of Florida under the Declaratory Judgement Act, 28 U.S.C. § 2201, because the Complaint seeks relief regarding PCW-DE's merger with PCW-FL, specifically under Delaware's declaratory judgment statute. (D.I. 1-1, Ex. 1 at ¶¶ 22-43); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted) ("The party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the

7

defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.").

Jurisdiction would have been appropriate in the Southern District of Florida under 28 U.S.C. § 1332, because the parties are diverse: Mr. Daniels is a resident of Pennsylvania and PCW-DE is incorporated in Delaware, and the amount in controversy as alleged in the Notice of Removal (D.I. 1) exceeds $75,000.  Venue would have been appropriate in the Southern District of Florida under 28 U.S.C. § 1391(b), as "a substantial part of the events or omissions giving rise the claim occurred" in that district.  Although the Florida Complaint outlines a number of events and actions giving rise to Mr. Daniels' claims there (**Exhibit A**), the Delaware Complaint turns the allegations of wrongdoing in Florida found in Counts II–VII of the Florida Complaint into only two disputes: (1) a dispute over the percentage ownership Mr. Daniels had in PCW-FL, and (2) a dispute over the value of Mr. Daniels' ownership in PCW-FL. (D.I. 1-1, Ex. 1 at ¶ 21).  Whether described as two disputes or Counts II-VII of the Florida Complaint, this dispute largely concerns allegations of wrongdoing associated with a Florida entity.  After the merger, counsel for both parties were in Florida, and Mr. Daniels' counsel in Florida shared the draft Florida Complaint with opposing counsel in Florida.  For these reasons, Plaintiff could have brought this same action for declaratory relief in the Southern District of Florida.

### 2.     The *Jumara* factors favor transfer

The convenience of the parties and witnesses as well as the interest of justice would be better served by transfer to the Southern District of Florida under 28 U.S.C. § 1404(a).  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. . . [T]he purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]"  *Van Dusen v.*

8

*Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). When evaluating transfer, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to 'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Jumara*, 55 F.3d at 879 (internal citations omitted). The Third Circuit Court of Appeals has enumerated twelve private and public interest factors for district courts to consider. *Id.* at 879-880. The six private interests are:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (citations omitted). The six public interests are:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-880 (citations omitted).

### a)    Three private-interest factors favor transfer

In view of the Florida litigation, this case is an unnecessary inconvenience and expense for Mr. Daniels, who initially sought to resolve his entire dispute in a single forum with all necessary parties included. (**Exhibit A**). Rather than litigating there, Plaintiff rushed to file a complaint in the Court of Chancery to address in Delaware only a single aspect of the Florida litigation. On this basis, the private-interest factors favor transfer.

### (1) Plaintiff's forum preference

PCW-DE will likely argue that its choice of forum should be given deference because this action was filed before the Florida action. "In those cases where two federal district courts have concurrent jurisdiction, the district court in which the first case was filed generally has jurisdiction." *Drugstore-Direct, Inc. v. Cartier Div. of Richemont N.A., Inc.*, 350 F.Supp.2d 620, 623 (E.D. Pa. 2004) (citing *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988)). But courts have rejected the first filed rule "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable forum." *Id.* (citation and internal quotation marks omitted). As discussed above, PCW-DE's action was slapped together, apparently in only a few days, in an attempt to usurp jurisdiction from Florida. PCW-DE was on notice that Mr. Daniels had drafted a thorough complaint seeking relief from the Southern District of Florida and intended to file it if settlement negotiations fell through. (**Exhibit B** at B-2). Rather than responding to Mr. Daniels, PCW-DE came to this Court seeking the same relief that Mr. Daniels stated he would be seeking from the Southern District of Florida, albeit without raising the other issues addressed in the Florida litigation. This factor favors transfer.

### (2) Mr. Daniels preference

By virtue of pursuing his claim against PCW-FL in Florida and by initiating the Florida litigation, Mr. Daniels' obvious preference is to litigate in the Southern District of Florida. This factor favors transfer.

### (3) Where the claim arose

Mr. Daniels' claim to the PCW-DE stock at issue in this litigation arose out of his ownership in PCW-FL, a Florida corporation, and out of acts by members of the Board of PCW-FL in diluting his ownership of PCW-FL and merging PCW-FL into PCW-DE. The Delaware Complaint acknowledges that much of the dispute relates to PCW-FL. (D.I. 1-1, Ex. 1 at ¶ 21

10

("Daniels has made allegations and threatened litigation regarding the following issues: . . . (2) that he disputes the percentage ownership he had in Princeton-Florida; and (3) that he disputes the value of his ownership in Princeton-Florida")). This factor favors transfer. *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 481 (D. Del. 2011) ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." (quotation omitted).

### (4) The remaining private-interest factors

The remaining private-interest factors are neutral. Other than the fact that PCW-DE is incorporated in Delaware, there is no evidence that it maintains offices in Delaware. Mr. Daniels is a Pennsylvania resident. The witnesses, who are also defendants in the Florida litigation are residents of Connecticut, New Jersey, and Rhode Island. (Ex. A at ¶ 4) Both Delaware and Florida are inconvenient for these witnesses, and there is no evidence that any witness would be unavailable for trial in either jurisdiction. On this basis, the remaining private-interest factors are neutral.

### b) Three public-interest factors favor transfer

Three of the public-interest factors favor transfer, and the others are neutral. Mr. Daniels owned stock in a Florida corporation. The Florida corporation merged into a Delaware corporation. Based upon conduct prior and in connection with the merger, Mr. Daniels sought to resolve the dispute in Florida. As a result of that, he was sued in Delaware. Based upon these facts, the public-interest factors favor transfer.

### (1) Practical considerations

The practical considerations favor transfer. In the Florida litigation, Mr. Daniels raises numerous other disputes with PCW-DE and nonparties to this litigation, PCW-FL, Mr. Crotty and two other PCW-FL Board members. (*See generally* **Exhibit A**). The Delaware Complaint also

11

raises, but does not seek to resolve, the Florida disputes. (D.I. 1-1, Ex. 1 at ¶ 21 ("Daniels has made allegations and threatened litigation regarding the following issues: (1) that the Merger that eliminated his interest in Princeton-Delaware was not an effective squeeze-out of his interest; (2) that he disputes the percentage of ownership he had in Princeton-Florida; and (3) that he disputes the value of his ownership interest in Princeton-Florida.")). These disputes arise out of the same set of operative facts and are best litigated together, as Mr. Daniels has sought to do in the Florida litigation. To retain this litigation in Delaware would require the parties to litigate the same dispute in two separate fora. *Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 359 (D. Del. 1999) ("[T]rying essentially the same legal action in two separate fora would needlessly duplicate the efforts and expenses of not only the parties but also the corresponding courts.").

### (2) Local interest

The local interest factor favors Florida, because this is a dispute over conduct related to the operation and sale of a Florida corporation, in Florida, and under Florida law. As to Delaware's local interest, the Complaint alleges that there is no Delaware interest. In it, Plaintiff seeks a declaration that Mr. Daniels has no interest in PCW-DE, because his ownership of PCW-FL "was extinguished via the Merger." (D.I. 1-1, Ex. 1 at ¶ 23).

### (3) Public policy

Public policy favors Florida, because a Florida court has an interest in deciding issues of Florida law. Moreover, Florida courts have an interest in deciding whether owners of stock in Florida corporations must be subject to jurisdiction and litigation in foreign jurisdictions over disputes arising from the merger of a Florida corporation into a foreign corporation.

### (4) The remaining public-interest factors

The remaining factors: the enforceability of the judgment, court congestion, and the familiarity of the trial judge are likely neutral and neither favor nor disfavor transfer.

### c) Balancing the *Jumara* factors

Weighing and analyzing the *Jumara* factors is done on a case-by-case basis. *Jumara*, 55 F.3d at 883. Here, as explained above, six of the twelve *Jumara* factors weigh in favor of transfer, six are neutral, and none weigh against transfer. Accordingly, under *Jumara*, this action should be transferred to the Southern District of Florida.

## V. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court either dismiss this action for lack of personal jurisdiction or transfer it to the United States District Court for the Southern District of Florida.

Dated: February 21, 2025

*Of Counsel*:

WEISSMAN & DERVISHI, P.A.
Brian S. Dervishi
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070
bdervishi@wdpalaw.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
David A. Jenkins (No. 932)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
daj@skjlaw.com
dat@skjlaw.com

*Attorneys for Defendant Paul Daniels*