# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR~~OF CHANCERY OF~~ THE DISTRICT~~STATE~~ OF DELAWARE

| | |
|---|---|
| PRINCETON CARBONWORKS, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) -C.A. No. 1:25-cv-00131-RGA |
| PAUL DANIELS, | ) ) ) |
| Defendant. | ) |

**FIRST AMENDED AND SUPPLEMENTAL**

~~VERIFIED~~ **COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Princeton CarbonWorks, Inc., a Delaware corporation, brings this action seeking declaratory relief against Defendant, Paul Daniels, based on the following allegations and statements of law.[1]

### Introduction

1. Plaintiff is the surviving Delaware corporation in a merger. It seeks a final judicial determination of the rights claimed by a stockholder of the constituent corporation in the merger, that was merged out of existence, and to adjudicate the claims by that stockholder for stock in the Delaware corporation, as well as confirming the percentage of ownership previously held by that stockholder and the value of that stockholder's alleged ownership interest in the constituent corporation that did not survive the merger.

### Parties and Related Entities and Persons

---

[1] A redline comparing the original Court of Chancery Complaint to this Amended Complaint is attached as Exhibit A.

153922407.1

2. Princeton CarbonWorks, Inc., is a Delaware corporation ("Princeton-Delaware").

3. Paul Daniels claims to be a stockholder in Princeton-Delaware, which is the surviving Delaware corporation in a merger with Princeton Carbon Works Inc., a Florida corporation ("Princeton-Florida").

4. Non-parties Harrison Macris, Martin Crotty, Bradley Werntz, and Richard Furchtgott, in the aggregate owned, at the time of the merger between Princeton-Delaware and Princeton-Florida, a majority of the shares in Princeton-Delaware.

### Jurisdiction

5. This court has jurisdiction based on Sections 111; 169; and 259(a) of the Delaware General Corporation Law which give this court the power to determine issues regarding ownership of stock in a Delaware corporation, and allows the surviving corporation in a merger to enforce the rights of the constituent corporation, as well as granting this court *in rem* jurisdiction over the stock at issue notwithstanding the residence of the person claiming ownership of that stock.

### Parties and Related Entities and Persons

3. Princeton CarbonWorks, Inc., is a Delaware corporation ("Princeton-Delaware").

4. Paul Daniels claims to be a stockholder in Princeton-Delaware, which is the surviving corporation in a merger with Princeton Carbon Works Inc., a Florida corporation ("Princeton-Florida").

6. This Court has *in rem* jurisdiction, and the due process requirements of minimum contacts with Delaware are satisfied because this action "relat[es] *directly* to the *rights or attributes inherent in that stock.*" Onescreen v. Hudgens, 2010 WL 1223937, *3 (Del. Ch. March 30, 2010) (emphasis in the original) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* §3.04[c][2], at 3-32 (2009) (where

153922407.1

the capital stock of a Delaware corporation is the subject matter of the litigation, personal jurisdiction may exist "where the rights or attributes inherent in the stock of a Delaware corporation that ownership of such stock in and of itself might be sufficient to render the exercise of jurisdiction over a nonresident owner of such stock constitutionally permissible.")). "[P]roperty can be used as a jurisdictional basis only if it is physically within the territory of the state in which the federal court is sitting." 4A Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1071 (4th ed.) Pursuant to 8 *Del. C.* § 169, the situs of the ownership of the capital stock of all Delaware corporations shall be regarded as in this State. "Shares of stock in a Delaware corporation are personal property within the jurisdiction of the Court." *In re Stream TV Networks, Inc. Omnibus Agreement Litigation*, 283 A.3d 1183, 1193 (Del. Ch. 2022).

7. Long-arm service on Daniels is appropriate pursuant to 10 *Del. C.* §3104(c)(5) because Daniels claims an interest in the stock of Princeton-Delaware and the situs of the Princeton-Delaware stock is Delaware, pursuant to Section 169 of the Delaware General Corporation Law.

8. Jurisdiction of this Court is also based upon Section 259(a) of the Delaware General Corporation Law, which provides that Delaware-Princeton, as the resulting corporation of the merger between Princeton-Florida and Princeton-Delaware, possesses the rights of Princeton-Florida, including the right to a determination of the ownership of its stock.

9. Jurisdiction of this Court is also based upon Section 169 of the Delaware General Corporation Law, which provides that "the situs of the ownership of the capital stock of all corporations existing under the laws of this State [] shall be regarded as in this State." 8 *Del. C.* §169. Jurisdiction is proper based upon the *in rem* jurisdiction of the Delaware-Princeton shares

under 8 *Del. C.* § 169 because the Delaware-Princeton shares Daniels claims to own are the source of the controversy and this action is limited to determining true ownership of the Princeton-Delaware Shares.

10. Jurisdiction of this Court is also based upon Section 111 of the Delaware General Corporation Law, which provides this Court power to determine issues regarding ownership of stock in a Delaware corporation.

11~~5~~. Non-parties Harrison Macris, Martin Crotty, Bradley Werntz, and Richard Furchtgott, who Daniels has filed a lawsuit against in federal court in ~~in the aggregate owned, at the time of the merger between Princeton-Delaware and Princeton-~~Florida, do not have substantial contacts with the State of Florida~~a majority of the shares in Princeton-Delaware~~.

12. Daniels is a resident of a suburb of Philadelphia, and has made claims that he is the owner of stock in Princeton-Delaware.

**Factual Background**

13~~6~~. Princeton-Florida was formed in March 2015 to create and sell high-performance bicycle wheels.

14~~7~~. The co-founders were Crotty, Werntz, and Macris.

15~~8~~. On or about June 27, 2018, Daniels, Macris, Werntz, Crotty and Princeton-Florida entered into a Memorandum of Agreement ("MOA") in which the parties agreed to surrender or transfer shares. On or about the same date, the Princeton-Florida board agreed to issue Daniels 185 shares in consideration for his past services. The terms of the MOA stated that Daniels' 185 shares represented an 18.5% equity interest in Princeton-Florida.

16~~9~~. In the MOA, Daniels represented that the issuance to him of 185 shares in Princeton-Florida completed and satisfied any prior or contemporaneous oral discussions or agreements regarding his equity interest in Princeton-Florida.

17~~10~~. There are no agreements entitling Daniels to any preemptive rights and/or anti-dilution protections.

18~~11~~. In April 2019, Daniels voluntarily resigned from Princeton-Florida as an employee. Until that time, Daniels was the only individual who received a salary.

19~~12~~. In October 2019, the Princeton-Florida board of directors authorized and approved the Princeton CarbonWorks Inc. Restricted Management Stock Bonus Plan (the "Plan") and in December 2019, the board awarded bonus shares under the Plan to Werntz, Furchtgott, Macris, and Crotty in exchange for consideration.

20~~13~~. Princeton-Delaware was formed on June 11, 2024. On June 20 2024, Princeton-Delaware issued shares of Princeton-Delaware common stock to Macris, Crotty, Werntz, and Furchtgott in exchange for all of their shares of Princeton-Florida stock, resulting in Princeton-Delaware owning 93.15% of the shares in Princeton-Florida.

21~~14~~. On June 21, 2024, Princeton-Florida merged with and into Princeton-Delaware, with Princeton-Delaware continuing as the surviving corporation (the "Merger"), in accordance with Section 252 of the Delaware General Corporation Law (DGCL) and Section 607.1101 of the Florida Business Corporation Act (FBCA), pursuant to an Agreement and Plan of Merger.

22~~15~~. In accordance with Sections 251 and 252 of the DGCL, on June 21, 2024, Princeton-Delaware filed: (a) a Certificate of Ownership and Merger with the Delaware Secretary of State to effectuate the Merger and to change Princeton-Delaware's name to "Princeton

CarbonWorks, Inc.", and (b) Articles of Merger with the Florida Secretary of State to complete the Merger.

23~~16~~. Pursuant to Section 2.4 of the Merger Agreement, shares held by Princeton-Florida shareholders owning less than 10% of Princeton-Florida's issued and outstanding shares immediately prior to the effective time of the Merger would be cancelled and exchanged for a payment of fair value, as defined in FBCA Section 607.1301(5), of $935.14 per share.

24~~17~~. Based on the dilution of his original interest, Daniels—immediately prior to the time of the Merger—owned 6.85% of the shares of Princeton-Florida.

25~~18~~. On June 21, 2024: (a) a Notice to Certain Shareholders pursuant to FBCA Section 607.0704 was emailed and mailed to Daniels informing him that the Merger Agreement had been adopted by the written consent of Princeton-Florida shareholders having at least the minimum number of votes necessary to authorize such action in accordance with the FBCA, and (b) an Appraisal Notice was emailed and mailed to Daniels informing him of his rights to assert appraisal rights under FBCA Section 607.1301 through 607.1340, for 185 shares with an estimated fair value of $173,000.

26~~19~~. On August 1, 2024, Daniels rejected the fair value offer of $173,000 for his 185 shares. On August 16, 2024, Daniels was provided a formal valuation report prepared by Marcum which provided the basis for the value of the shares.

27~~20~~. On August 21, 2024, Daniels sent a letter stating, in part, that: "this is Mr. Daniels' Formal Notice of his Withdrawal from the Appraisal Process." Daniels can no longer participate in the statutory appraisal process.

**Justiciable Controversy and Dispute**

28. Daniels has made allegations and threatened litigation regarding the following issues: (1) that the Merger that eliminated his interest in Princeton-Delaware was not an effective squeeze-out of his interest; (2) that he disputes the percentage of ownership he had in Princeton-Florida; and (3) that he disputes the value of his ownership interest in Princeton-Florida.

29. The Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201(a), provides: "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" "It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Brockstedt v. Sussex County Council*, 794 F.Supp.2d 489, 499 (D. Del. 2011) (internal quotations and citations omitted). In this case, there is an actual controversy, as Daniels is asserting that he owns stock in Princeton-Delaware. Because the situs of stock in a Delaware corporation is Delaware, pursuant to Section 169 of the Delaware General Corporation Law, the controversy is within the jurisdiction of this Court.

### Procedural History

30. On January 9, 2025, Plaintiff Princeton CarbonWorks filed a complaint seeking declaratory relief in the Delaware Court of Chancery. A copy of that complaint was emailed to Daniels' Florida counsel, with a request for Daniels' counsel to accept service. Because the request for acceptance of service was not agreed to, Plaintiff proceeded with formal service of process.

31. By Order dated January 22, 2025, Vice Chancellor Fioravanti granted Plaintiff's Application for an Order Permitting Service by Publication. Ex. B. Service was accordingly completed pursuant to that Order.

32. Specifically, service was completed by publication in the *Philadelphia Inquirer* on January 27, February 3, and February 10, 2025, as well as online at www.inquirer.com, and by publication in the *Chestnut Hill Local* on January 30, February 6, and February 13, 2025, as well as online at www.chestnuthilllocal.com. Daniels was also served via Federal Express on January 22, 2025 (delivery was confirmed), and was also served via registered mail, return receipt requested. A delivery attempt was made on January 24, 2025 and a delivery slip was left at Mr. Daniels' address.

33. On February 21, 2025, the parties filed a joint Local Rule 81.2 Statement that indicated: "On February 13, 2025, Plaintiff completed service as ordered by Vice Chancellor Fioravanti." Ex. C.

34. Counsel for Daniels also confirmed by telephone call with Princeton-Delaware's counsel that, because state service of process had been completed, further efforts to serve Mr. Daniels in the federal court would not be necessary, and confirmed via email that: "Mr. Daniels agrees that service is effective as of the third date of publication in the Philadelphia Inquirer, which was Thursday 2/13." Ex. D.

35. Princeton-Delaware filed its complaint in the Court of Chancery on January 9, 2025. Daniels filed a complaint in Florida later that same day. Daniels removed the Chancery Court matter to this Court on January 31, 2025. (D.I. 1). On February 21, 2025, Daniels moved to dismiss the Complaint or transfer it to the United States District Court for the Southern District of Florida. (D.I. 7).

36. Since filing the Florida complaint, several motions have been filed: (1) Defendants, including Princeton-Delaware, moved to dismiss on January 31, 2025; (2) Princeton CarbonWorks, Inc. filed a Motion to Drop Improper Party on January 31, 2025; (3) Defendants,

including Princeton-Delaware filed a motion to stay on February 5, 2025; (4) Daniels responded to the Motion to Dismiss on February 26, 2025; (5) Daniels filed a Motion for Judicial Notice attaching his Motion to Dismiss and to Transfer the Delaware matter; and (6) Daniels opposed the Motion to Drop Improper Party. A hearing on the Motion to Stay is to be held in Florida on March 14. Ex. E, Florida Docket.

37. Daniels has moved to dismiss the Delaware action, and defendants in Florida, including Princeton-Delaware, have moved to dismiss the Florida action. If both motions are granted, it is possible the merits of the cases will never be addressed.

<u>**COUNT I**</u>
**Declaratory Judgment Seeking a Declaration that
Defendant is Not a Shareholder in the Surviving Entity, Princeton-Delaware**

38~~22~~. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

~~23.~~ 39. Plaintiff seeks a declaration that Defendant's ownership in Princeton-Florida was extinguished via the Merger, and that he therefore owns no stock or other interest in Princeton-Delaware. ~~This is correct.~~

~~24.~~ 23. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq., and* 10 Del. C. § 6501, *et seq.*, as there is a real controversy involving the rights of the parties, an interest is adversely affected, and the issue is ripe for resolution.

25. 24. There exists in this case a controversy involving the rights or other legal relations of the party seeking declaratory relief. Pursuant to Section 259(a) of the DGCL, "when constituent corporations combine in a merger, all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation." *Hyde Park Venture Partners Fund III, L.P. v. FairXchange, LLC*, 292 A.3d 178, 197 (Del. Ch. 2023) (internal quotation omitted).

26. 25. In this case, Princeton-Delaware, as the surviving entity of the Merger, possesses the right to seek a determination of Defendant's ownership interest at the time of the Merger.

26. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.*, and 10 *Del. C.* § 6501, as the controversy exists between parties whose interests are real and adverse. Defendant has articulated his position that he believes he currently holds shares in Princeton-Delaware and intends to pursue his purported claims.

27. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.*, and 10 *Del. C.* § 6501, as Princeton-Delaware is asserting its claim against Defendant, who has an interest in contesting the claim.

28. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.*, and 10 *Del. C.* § 6501, as the determination of Defendant's status as a stockholder of Princeton-Delaware is ripe. The merger extinguishing Princeton-Florida has already occurred, and Defendant's stock has already been extinguished.

29. Jurisdiction over Defendant exists in this case, as the ownership of stock in a Delaware Corporation can serve as a jurisdictional basis when the action relates "directly to the legal existence of stock or its characteristics or attributes." *Germaninvestments AG v. Allomet Corp.*, 2020 WL 6870459, at *11 (Del. Ch. Nov. 20, 2020). "[P]roperty can be used as a

jurisdictional basis only if it is physically within the territory of the state in which the federal court is sitting." 4A Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1071 (4th ed.) Pursuant to 8 *Del. C.* § 169, the situs of the ownership of the capital stock of all Delaware corporations shall be regarded as in this State. "Shares of stock in a Delaware corporation are personal property within the jurisdiction of the Court." *In re Stream TV Networks, Inc. Omnibus Agreement Litigation*, 283 A.3d 1183, 1193 (Del. Ch. 2022). Because Daniels claims an interest in the stock of a Delaware corporation, jurisdiction is proper.

~~28.~~ 30. This court should determine that the Merger extinguished the stock owned by Defendant in Princeton-Florida and that Defendant does not own stock or any other equity interest in Princeton-Delaware.

## COUNT II
### Declaratory Judgment to Determine the Percentage of Defendant's Ownership in Princeton-Florida

~~29.~~ 31. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

~~30.~~ 32. Plaintiff seeks a declaration that~~:~~ before the Merger, Defendant was the owner of 6.85% of the outstanding stock of Princeton~~Princton~~-Florida. ~~This is correct.~~

~~31.~~ 33. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.,* and 10 *Del. C.* § 6501, *et seq.,* as there is a real controversy between the parties, an interest is adversely affected, and the issue is ripe for resolution.

~~32.~~ 34. There exists in this case a controversy involving the rights or other legal relations of the party seeking declaratory relief. Pursuant to Section 259(a) of the DGCL, "when constituent corporations combine in a merger, all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation." *Hyde Park Venture Partners Fund III, L.P. v. FairXchange, LLC*, 292 A.3d 178, 197 (Del. Ch. 2023) (internal quotation omitted).

35. In this case, Princeton-Delaware, as the surviving entity of the merger between Princeton-Florida and Princeton-Delaware, now possesses the right to seek a determination of the amount of stock that Defendant owned in Princeton-Florida as a result of the Transaction pursuant to 8 *Del. C.* §259(a).

~~33.~~ 36. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.,* and 10 *Del. C.* § 6501, *et seq.,* as Princeton~~Princton~~-Delaware is asserting its claim against Defendant, who has an interest in contesting the claim.

~~34.~~ 37. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.,* and 10 *Del. C.* § 6501, as the controversy exists between parties whose interests are real and adverse, and the determination of Defendant's percentage interest in the Florida Entity is ripe. Defendant has articulated his position that he disputes his ownership percentage prior to—and after—the Merger, and intends to pursue his purported claims.

~~35.~~ 38. This court should make a determination that Defendant's percentage interest in Princeton-Florida prior to the Merger was 6.85%.

## COUNT III
### Declaration Concerning the Value of Defendant's Interest in Princeton-Florida

39. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

40. Plaintiff seeks a declaration that Plaintiff's calculation of the value of Defendant's interest in Princeton-Florida is correct.

41. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.*, and 10 *Del. C.* § 6501, *et seq.*, as there is a real controversy between the parties, an interest is adversely affected, and the issue is ripe for resolution.

42. There exists in this case a controversy involving the rights or other legal relations of the party seeking declaratory relief. Pursuant to Section 259(a) of the DGCL, when "when constituent corporations combine in a merger, all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation." *Hyde Park Venture Partners Fund III, L.P. v. FairXchange, LLC*, 292 A.3d 178, 197 (Del. Ch. 2023) (internal quotation omitted).

43. In this case, Princeton-Delaware, as the surviving entity of the Merger, possesses the right to seek a determination of the value of Defendant's ownership interest at the time of the Merger.

44. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.*, and 10 *Del. C.* § 6501, *et seq.*, as Princeton-Delaware is asserting its claim against Defendant, who has an interest in contesting the claim.

45. Declaratory judgment is proper in this matter, pursuant to 28 U.S.C.A. § 2201(a) *et seq.*, and 10 *Del. C.* § 6501, *et seq.*, as the controversy exists between parties whose interests are real and adverse. Defendant has articulated his position that he disputes the value of his interest in Princeton-Florida, and intends to pursue his purported claims.

~~43.~~ 46. This court should make a determination that the value of Defendant's interest in Princeton-Florida at the time of the Merger was $173,000.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

    (a)    A declaratory judgment that Defendant does not own any interest in Princeton-Delaware;

    (b)    A declaratory judgment that Defendant's percentage ownership interest in Princeton-Florida at the time of the Merger was 6.85%; and

    (c)    A declaratory judgment that the value of Defendant's interest in Princeton-Florida at the time of the Merger was $173,000;

    (d)    An award or attorneys' fees and costs; and

    (e)    Any and all other and further relief as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Aimee M. Czachorowski ~~Francis G.X. Pileggi~~
Francis G.X. Pileggi (No. 2624)
Aimee M. Czachorowski (No. 4670)
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
(302) 985-6000
Francis.Pileggi@LewisBrisbois.com
Aimee.Czachorowski@LewisBrisbois.com

*Attorneys for Plaintiff*

Date: <ins>March 7</ins><del>January 9</del>, 2025