**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRINCETON CARBONWORKS, INC.

Plaintiff,

v.

PAUL DANIELS,

Defendant.

C.A. No. 25-131-RGA

**JURY TRIAL DEMANDED**

**DEFENDANT PAUL DANIELS' REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS AND/OR TRANSFER (D.I. 14)**


*Of Counsel*:

WEISSMAN & DERVISHI, P.A.
Brian S. Dervishi
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070
bdervishi@wdpalaw.com

**SMITH KATZENSTEIN & JENKINS LLP**

David A. Jenkins (No. 932)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
daj@skjlaw.com
dat@skjlaw.com

*Attorneys for Defendant Paul Daniels*


Dated: March 21, 2025

# TABLE OF CONTENTS


Table of Citations ........ iii

I. Summary of Argument ........ 1

II. Argument ........ 1

A. Plaintiff Has Not Met Its Burden to Demonstrate That Personal Jurisdiction Exists ........ 1

1. The FAC Does Not Allege Sufficient Minimum Contacts over Mr. Daniels ........ 2

2. Plaintiff's Other Jurisdictional Allegations ........ 4

B. In the Alternative, This Matter Should Be Transferred ........ 5

1. This Case Could Have Been Brought In Florida ........ 5

2. The *Jumara* factors favor transfer ........ 7

III. Conclusion ........ 10

**TABLE OF CITATIONS**

**Cases**

*Feeley v. NHAOCG, LLC*,
2012 WL 966944 (Del. Ch. Mar. 20, 2012) ..... 4

*Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*,
593 A.2d 535 (Del. Ch. 1991) ..... 4, 5

*Hart Holding Co. v. Drexel Burnham Lambert Inc.*,
1992 WL 127567 (Del. Ch. May 28, 1992) ..... 3, 4

*Hynson v. Drummond Coal Co.*,
601 A.2d 570 (Del. Ch. 1991) ..... 2, 3

*In re Stream TV Networks, Inc. Omnibus Agreement Litig.*,
283 A.3d 1183 (Del. Ch. 2022) ..... 5

*Intellectual Ventures I LLC v. Altera Corp.*,
842 F.Supp.2d 744 (D. Del. 2012) ..... 6

*Onescreen v. Hudgens*,
2010 WL 12223937 (Del. Ch. Mar. 30, 2010) ..... 3, 4

*Shaffer v. Heitner*,
433 U.S. 186 (1977) ..... 5

**Statutes**

28 U.S.C. § 2201 ..... 6

8 *Del. C.* § 169 ..... 4

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ..... 1

## I. SUMMARY OF ARGUMENT

1. Plaintiff fails to demonstrate the Constitutionally-required minimum contacts for a Delaware court to exercise personal jurisdiction over Mr. Daniels. The First Amended Complaint ("FAC") does not allege that Mr. Daniels voluntarily purchased stock in PCW-DE (a Delaware entity that is the plaintiff in this action). The FAC also does not allege that Mr. Daniels claims to assert a right inherent to the "attributes or characteristics" of stock in a Delaware corporation, such as voting rights, liquidation preferences, authenticity of certificates, or fiduciary duties.

2. This matter could have been brought in the United States District Court for the Southern District of Florida and, under the *Jumara* factors, it should be transferred there.

## II. ARGUMENT

### A. Plaintiff Has Not Met Its Burden to Demonstrate That Personal Jurisdiction Exists

The burden is on Plaintiff to demonstrate this court's personal jurisdiction over Mr. Daniels. It has not done so. For at least the following reasons, this case should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

Plaintiff amended its complaint to add case law supporting its murky allegations of this Court's personal jurisdiction over Mr. Daniels. Plaintiff's position is oddly inconsistent. Plaintiff argues that this Court has jurisdiction over Mr. Daniels because he *is* a stockholder in PCW-DE (D.I. 16 at 3-8) while at the same time asking the Court to declare that he *is not* a stockholder in PCW-DE (D.I. 11 at ¶¶ 38-47). How can both be correct?

In support, Plaintiff relies on shifting jurisdictional allegations. At times, Plaintiff alleges that *in rem* jurisdiction over the stock in PCW-DE (Plaintiff, a Delaware corporation) is sufficient for the court to exercise jurisdiction over any stockholder in the company, (D.I. 11 at ¶¶ 5-7, 9, 29,

46), and argues the same in its Answering Brief, (D.I. 16 at 3, 6, 8, 9). This is unsupported by the law.

At other times, Plaintiff argues that Mr. Daniels' claim to ownership of PCW-DE based upon his prior ownership of stock in PCW-FL (the Florida corporation) is sufficient to satisfy due process, (D.I. 16 at 5-8, 9) even though this contention is also unsupported by the law. Plaintiff relies on secondary sources and dicta in the cases it does cite, and ignores the facts and circumstances discussed extensively in post-*Shaffer* Delaware case law on the subject of personal jurisdiction. Under the law established by the holdings in those cases, the facts alleged in the FAC are insufficient to establish jurisdiction over Mr. Daniels. For example, Mr. Daniels did not voluntarily purchase stock in this Delaware corporation, was not consulted on the merger of PCW-FL into PCW-DE, and does not seek to exercise any "attributes or characteristics" inherent to stock in a Delaware corporation. *See Hynson v. Drummond Coal Co.*, 601 A.2d 570, 579 (Del. Ch. 1991) (finding jurisdiction over nonresident stockholders for adjudications concerning the corporate rights that attach to the stock)). That is, Mr. Daniels does not contest the validity of PCW-DE stock certificates, he does not contest the voting rights of PCW-DE stock, he does not contest the liquidation preferences of PCW-DE stock, and he does not seek to enforce rights to hold the officers and directors of PCW-DE accountable based upon their duties to shareholders. For these reasons dismissal for lack of personal jurisdiction is warranted.

### 1. The FAC Does Not Allege Sufficient Minimum Contacts over Mr. Daniels

Plaintiff argues that the Opening Brief "ignores important Delaware precedent post-*Shaffer* that considered the very question at issue here, despite the fact that those cases are cited in the Amended Complaint." (D.I. 16 at 6). This is wrong. Mr. Daniels addressed these very issues in

the Opening Brief and provided a detailed discussion of the allegations in the FAC as applied to post-*Shaffer* holdings of Delaware courts. (D.I. 15 at 8-12).

Specifically, the FAC does not (and could not) allege that Mr. Daniels *voluntarily* purchased stock in the Delaware corporation. *Hynson*, 601 A.2d at 579 (finding jurisdiction over a nonresident shareholder based upon the *voluntary* purchase of stock in a Delaware corporation). The FAC also does not allege that Mr. Daniels raises disputes over the "attributes or characteristics" of PCW-DE stock for the several reasons. The FAC does not allege that Mr. Daniels disputes the voting rights or liquidation preferences inherent to the PCW-DE stock. *See Hart Holding Co. v. Drexel Burnham Lambert Inc.*, 1992 WL 127567, at *7 (Del. Ch. May 28, 1992) (hypothesizing that a dispute over a stock's voting rights or liquidation preference could confer jurisdiction). Nor does the FAC allege that Mr. Daniels challenges the validity of the PCW-DE stock, including the authenticity of the stock certificates. *See OneScreen v. Hudgens*, 2010 WL 12223937, at *5 n.39 (Del. Ch. Mar. 30, 2010) (noting that a stock's "attributes or characteristics" may include the authenticity of certificates). Most importantly, the FAC does not allege that Mr. Daniels seeks to enforce a key right inherent to stock in a Delaware corporation: "the equitable right to require directors to act with loyalty to the corporation and its shareholders." *Hynson*, 601 A.2d at 579.

Plaintiff's citation to Delaware corporate case law does not command a different result, because the courts in those cited cases dismissed the asserted claims for lack of personal jurisdiction. Plaintiff makes the conclusory averment that the "fact-specific analysis [of the allegations in the FAC] is analogous to the facts described by Chancellor Allen in *Hart Holding* and by Vice Chancellor Parsons in *OneScreen*." (D.I. 16 at 8). But in both of those cases the court found that it *did not* have personal jurisdiction over the defendants. For example, in *OneScreen*,

the court dismissed the case for lack of personal jurisdiction, reasoning that, "[b]ecause this action does not implicate the corporate process or the validity or attributes of OneScreen's stock, OneScreen has not alleged sufficient minimum contacts to support this Court exercising jurisdiction [over the defendants]." *OneScreen v. Hudgens*, 2010 WL 12223937, at *6 (Del. Ch. Mar. 30, 2010). Similarly, in the *Hart Holding* case, Chancellor Allen found that the Court of Chancery did not have personal jurisdiction. *Hart Holding Co.*, 1992 WL 127567, at *7 (Del. Ch. May 28, 1992) (denying jurisdiction where the dispute related to the cancellation of stock as a remedy for fraud, did not "implicate the corporate process or the validity or attributes of stock"); *see also Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 543 (Del. Ch. 1991) (declining the question of personal jurisdiction to allow discovery into jurisdictional facts).

Plaintiff's citation to LLC case law (D.I. 16 at 4-5) is inapposite on the facts and is irrelevant. In *Feeley v. NHAOCG, LLC*, the Court of Chancery found that it did not need *in personam* jurisdiction over members of an LLC to resolve a statutory dispute over who would be the managing member of the LLC, 2012 WL 966944, at *5 (Del. Ch. Mar. 20, 2012). The FAC in this matter does not allege that Mr. Daniels or anyone else contests who should be the managing member. Therefore, *Feeley* is irrelevant and inapplicable.

**2. Plaintiff's Other Jurisdictional Allegations**

Plaintiff's assertion of *in rem* jurisdiction (D.I. 16 at 3, 6, 8, 9) also is unsupported by the law. The FAC alleges that this court has jurisdiction over Mr. Daniels under various statutes, including 8 *Del. C.* § 169,[1] which states that stock in a Delaware corporation is located in Delaware. (D.I. 11 at ¶¶ 5-7, 9, 29, 46). But this statute does not give Delaware jurisdiction over

[1] Plaintiff refers to this statute as "6 *Del. C.* § 169." (D.I. 1 at 3). Title 6 of the Delaware Code is Delaware's version of the Uniform Commercial Code. No such statute exists.

Mr. Daniels here. In *Shaffer v. Heitner*, the United States Supreme Court specifically rejected that Section 169 gave *in rem* jurisdiction over nonresident defendants, instead focusing on the minimum contacts analysis of *International Shoe*. *Shaffer v. Heitner,* 433 U.S. 186, 212-17 (1977) Although Chancellor Allen later hypothesized in dicta in *Hart Holding Co.* that "in an action for cancellation of stock issued by a Delaware corporation" the situs of the stock under § 169 *could* provide jurisdiction over a nonresident claiming stockholder status, this was not a holding of the court. *Hart Holding Co.*, 593 A.2d at 542 This case does not involve an "action for cancellation of stock." In the *In re Stream TV* case cited by Plaintiff (D.I. 16 at 8), personal jurisdiction was not in dispute and thus Vice Chancellor Laster did not need to, and did not, decide whether Section 169 was sufficient to establish jurisdiction. *See generally In re Stream TV Networks, Inc. Omnibus Agreement Litig.*, 283 A.3d 1183 (Del. Ch. 2022).

Finally, Plaintiff introduces evidence from the litigation in the Southern District of Florida in which it claims that Mr. Daniels has admitted that he is only seeking monetary damages. (D.I. 16 at 9). Plaintiff argues that, should Mr. Daniels obtain a judgment against PCW-DE for damages, "he would need to come to Delaware to collect assets" of PCW-DE. (*Id.*) While a judgment from a Florida court against PCW-DE would be enforceable in a Delaware court (and, we assume, anywhere else that PCW-DE has assets), that ability to enforce a judgment in Delaware sometime in the future does not establish personal jurisdiction over Mr. Daniels now.

**B. In the Alternative, This Matter Should Be Transferred**

Should the Court find that it has personal jurisdiction over Mr. Daniels, this matter should be transferred to the Southern District of Florida, where the parallel litigation is pending.

**1. This Case Could Have Been Brought In Florida**

As Mr. Daniels argues in his opening brief, this dispute between PCW-DE and Mr. Daniels could have been brought in Florida because diversity jurisdiction exists there. (D.I. 15 at 12-14).

Plaintiff has since acknowledged in the FAC that the federal declaratory judgment statute, 28 U.S.C. § 2201, applies to this dispute. (*E.g.*, D.I. 11 at ¶ 29). The Opening Brief explains that a Florida court would have jurisdiction over Mr. Daniels for several reasons—Mr. Daniels' claims related to his stock in PCW-FL, the duties inherent to that stock as a matter of Florida law, and his attorney in Florida communicating with PCW-FL's attorney in Florida about possible litigation in the Southern District of Florida. (D.I. 15 at 13). Plaintiff does not address these points and instead only argues that "Daniels has never lived or worked in Florida and [PCW-DE] could not have brought suit against him there." (D.I. 16 at 10).[2] And unlike Florida, where Mr. Daniels willingly accepted shares in PCW-FL in return for his work, Mr. Daniels has not voluntarily purchased or acquired shares in the Delaware corporation that is partially the subject of one of the three claims for relief this litigation. (D.I. 11 at ¶¶ 38-47).

Plaintiff also makes several arguments that are not relevant to the question of "whether this action could have been brought in the proposed transferee venue[.]" *Intellectual Ventures I LLC v. Altera Corp.*, 842 F.Supp.2d 744, 750 (D. Del. 2012). First, Plaintiff argues that PCW-DE "is not subject to suit in Florida." (D.I. 16 at 11) PCW-DE does not need to be subject to suit in Florida to sue Mr. Daniels there. Second, Plaintiff argues that Mr. Daniels "was never an officer" of PCW-FL (D.I. 16 at 10), but having that title is not necessary to obtain jurisdiction over Mr. Daniels in Florida, (D.I. 15 at 13).

Third, Plaintiff argues that the other defendants in the Florida litigation cannot be subject to suit in Florida, (D.I. 16 at 12-13), but this is irrelevant to the question of whether PCW-DE could bring its Delaware lawsuit (in which none of those Florida defendants is a party) in Florida—

[2] This argument is ironic, because under its logic, Mr. Daniels should not be subject to the jurisdiction of a Delaware court, because he has never lived or worked in Delaware.

only Mr. Daniels is a defendant here in Delaware. Nothing in the case law suggests that PCW-DE must also demonstrate that it could sue the other Florida defendants (again, none of whom it sued in Delaware) in addition to Mr. Daniels.

**2. The *Jumara* factors favor transfer**

In opposing transfer, Plaintiff characterizes the dispute in this matter as solely requiring "application of the Delaware General Corporation Law" (D.I. 16 at 15), even though two of the three counts in the FAC relate to disputes *under Florida law* related to Mr. Daniels' *pre-merger* ownership of PCW-FL stock. (D.I. 11 at ¶¶ 48-63).

To downplay the fact that this case largely invokes questions of Florida corporate law, Plaintiff attempts to recast Mr. Daniels' allegations in the Florida litigation of wrongdoing by directors and officers of *PCW-FL*, a Florida corporation, as a suit in Florida against the directors and officers of *PCW-DE*, the Delaware corporation, apparently because they are the same people. (D.I. 16 at 10 (emphasis added) ("Jurisdiction over the directors and officers of [PCW-DE], *who are named in the Florida suit*, is appropriate in Delaware[.]")). Plaintiff's analysis is confused. As detailed in the opening brief, Mr. Daniels alleges *pre-merger* wrongdoing by these individuals in their capacities as directors and officers of the *Florida* corporation (PCW-FL), not *post-merger* wrongdoing by the directors and officers of the *Delaware* corporation (PCW-DE). (D.I. 15 at 2-5). Plaintiff seeks similar relief here in this court. In the FAC, Plaintiff asks for declarations of: (a) the *pre-merger* percentage of Mr. Daniels' ownership in PCW-FL as a matter of Florida law; (b) the *pre-merger* value of those shares in PCW-FL as matter of Florida law; and (c) whether the merger extinguished Mr. Daniels' shares in PCW-FL. (D.I. 11 at ¶¶ 38-63).

At the same time, when discussing the *Jumara* factors, Plaintiff seeks to narrow the dispute between the parties into a dispute solely about Delaware law. Of course, even in this litigation, a majority of the relief sought in the FAC relates to *pre-merger* questions of Florida law, and only

one count relates to Delaware law. In view of the relief sought in the FAC related to the *pre-merger* questions under Florida law, the *Jumara* factors favor transfer.

**a) Private Interest Factors**

On the private interest factors, Plaintiff overstates a number of facts. First, as to Plaintiff's choice of forum, Mr. Daniels provided the to-be defendants in the Florida litigation with a copy of the complaint that he intended to file. This was in an effort to promote settlement. Instead of entering into settlement negotiations in good faith, one of the defendants in that proposed litigation, the Plaintiff here—PCW-DE—rushed to file an incomplete and poorly-pleaded anticipatory complaint in Delaware. For the reasons discussed previously, this factor should not weigh in favor of Plaintiffs. (D.I. 15 at 15-16).

Second, for the reasons explained previously, this claim arose in Florida, based upon the acts of directors and officers of a Florida corporation. Only a small portion of the disputes here relate to Delaware. (*Id.*). The FAC seeks two counts of relief specifically related to Mr. Daniels ownership of PCW-FL *prior to the merger* and the value of his stock in PCW-FL *prior to the merger*. (D.I. 11 at ¶¶ 48-63) The only relief in the FAC related to PCW-DE is a "declaration that [Mr. Daniels'] ownership in [PCW-FL] was extinguished via the Merger, and that he therefore owns no stock or other interest in [PCW-DE]." (D.I. 11 at ¶ 39).

Third, on the convenience factors, notwithstanding the wholly inconvenient prospect of litigating in two separate fora, Mr. Daniels contends that this factor is neutral. (*Id.* at 16-17). Plaintiff has inserted its own facts (not set forth in the complaint) and has characterized Mr. Daniels as living "within about a 45 minute or so drive of this courthouse" and has suggested that others living in New Jersey, Connecticut, and Rhode Island also are within an easy drive of the Courthouse (D.I. 16 at 16 ("All parties involved could drive to Delaware more quickly and easily than they could fly to Florida.")). This ignores the practical necessities of attending hearings and

trials in the District of Delaware, much less commuting on a daily basis to the "Philadelphia suburbs" or to Princeton, New Jersey during those times. When given a choice between driving an hour plus, each way, on a daily basis from those areas versus flying to Florida and staying in a hotel for a multi-day trial, the two options are equally convenient and are neutral.

Fourth, the location of books and records factor is neutral. (D.I. 15 at 17). Plaintiff avers, without explanation, that this factor favors Delaware. (D.I. 16 at 17). In this age of electronic discovery, it is difficult to imagine how the location of books and records, which are largely stored electronically, would favor one forum versus another.

**b) Public Interest Factors**

When considering the dispute between Plaintiff and Mr. Daniels, the FAC only discusses a dispute arising under Delaware law. In Florida, Mr. Daniels has filed suit against a number of parties, alleging a dispute that arises largely under Florida law. As previously argued, in view of the aspects of this dispute that arise under Florida law, three public interest factors favor transfer: practical considerations, local interest, and public policy. (D.I. 15 at 17-18). Plaintiff has taken a narrow view, focused solely on the aspects of this litigation that relate to Delaware, and argues that these factors weigh against transfer and also argued that an additional factor, familiarity of the trial judge, weighs against transfer. (D.I. 16 at 17-18).

As to practical considerations, Plaintiff contends that "witnesses would be required to travel to Florida multiple times for depositions, hearings, and trial." (D.I. 16 at 17). This factor favors transfer. Depositions typically are taken either where the witness lives or, these days, virtually. Witnesses rarely attend "hearings" (which we interpret as arguments on motions), and out-of-state trial witnesses will need to travel to either court, as explained above. And, as explained in the opening brief, litigating part of this dispute here in Delaware would force Mr. Daniels to litigate this same dispute in two separate fora. (D.I. 15 at 17).

As to local interest and public policy, Plaintiff characterizes the dispute as "internal corporate governance" of a Delaware corporation. (D.I. 16 at 17). The FAC requests relief related to the internal corporate governance of a Florida Corporation in the form of Mr. Daniels' ownership percentage of PCW-FL and the value of his stock *prior to the merger*. (D.I. 11 at ¶¶ 48-63). These are issues of Florida law, not Delaware. Both local interest and public policy favors transfer, because a Florida court should decide what are largely questions of Florida law.

Finally, with respect to the familiarity of the judge. Mr. Daniels has not answered the First Amended Complaint and would likely add counterclaims related to Florida law were he required to litigate in Delaware. Thus, to fully litigate this dispute in Delaware would require a Delaware judge to address matters of both Delaware and Florida law. Therefore, the familiarity of the trial judge is likely neutral, with the alternatives being a judge resolving disputes using a combination of local and out-of-state law in either this Court or in Florida.

For the above private-interest and public-interest factors, this matter should be transferred.

## III. CONCLUSION

For the reasons stated above, Mr. Daniels respectfully requests that the Court either dismiss this action for lack of personal jurisdiction or transfer it to the United States District Court for the Southern District of Florida.

Dated: April 11, 2025

**SMITH KATZENSTEIN & JENKINS LLP**

*Of Counsel*:

WEISSMAN & DERVISHI, P.A.
Brian S. Dervishi
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070
bdervishi@wdpalaw.com

*/s/ Daniel A. Taylor*
David A. Jenkins (No. 932)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
daj@skjlaw.com
dat@skjlaw.com

*Attorneys for Defendant Paul Daniels*